IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**HOFER BUILDERS, INC.**                                                                                    **PLAINTIFF**

**VS.**                                                                  **CIVIL ACTION NO. 3:13CV-223-M-V**

**FIDELITY AND DEPOSIT COMPANY OF
MARYLAND and APEX CONSTRUCTION
SERVICES, LLC**                                                                                    **DEFENDANTS**

## ORDER

Defendants Apex Construction Services, LLC ("Apex") and Fidelity and Deposit Company of Maryland ("Fidelity") have each filed motions, pursuant to the Federal Arbitration Act ("FAA"), to compel arbitration in the above-entitled action. Plaintiff Hofer Builders, Inc. has responded in opposition to the motions, and the court, having considered the memoranda and submissions of the parties, concludes that arbitration should be compelled as to plaintiff's claims against Apex and that plaintiff's claims against Fidelity should be stayed pending completion of that arbitration.

The underlying dispute in this case involves a breach of contract claim by Hofer, which served as a subcontractor on a school construction project in Oxford. The complaint alleges that Apex, the project's general contractor, failed to pay Hofer for services rendered, but Hofer chose not to name Apex as an actual defendant in this case. Instead, Hofer elected to file a breach of contract claim against Apex's surety, defendant Fidelity, a decision which was apparently motivated by the existence of an arbitration provision in the subcontract agreement between Hofer and Apex. Subsequently, however, the Magistrate Judge granted Apex's motion to

intervene, and both Apex and Fidelity are now defendants in this case, and they have, to reiterate, each filed motions to compel arbitration.

From reviewing the motions to compel arbitration, it is apparent that there is some confusion among the parties regarding whether arbitration is sought as to Hofer's claims against both Fidelity and Apex, or merely as to any claims which it might have against Apex. As discussed below, consideration of these issues is complicated somewhat by Hofer's denial that it even has any claims against Apex. Regardless, Apex's right to compel arbitration of any claims against it seems indisputable, since Article 15 of the subcontract provides that:

> 15.1.1 Disputes solely between [Apex] and [Hofer] shall be resolved by arbitration.
> \*\*\*
> 15.2.4 Arbitration. . . . Any arbitration proceedings shall be conducted at a mutually agreed upon location. In the absence of any such agreement, arbitration shall be conducted in Nashville, Davidson County, Tennessee.

In its response, Hofer does not appear to dispute that it is obligated to arbitrate any claims it might have against Apex (indeed, it denies that it has any such claims), instead merely arguing that it is not obligated to arbitrate its claims against Fidelity.

In light of the clear provisions of the subcontract and in the absence of arguments otherwise from any party, the court will grant the motion to compel arbitration as to any claims against Apex. Once again, however, it is somewhat unclear whether arbitration is even sought as to plaintiff's claims against the surety Fidelity. Fidelity's memorandum brief arguably suggests that such is the case, but, in its reply brief, it writes that:

> Fidelity has not moved the Court to compel arbitration of Hofer's claim against Fidelity on the Bond. Fidelity has moved the Court to join Apex; compel Hofer to arbitrate its claims against Apex on the Subcontract in Nashville under the rules of the construction industry in arbitration; and to stay this civil action meanwhile, until completion of the arbitration. Hofer's right, if any, to payment under the Subcontract must be decided, before Fidelity's liability on the Bond can be determined.

Fidelity's reply brief thus suggests that it is only seeking, at this juncture, arbitration of Hofer's claims against Apex and a stay of the claims against it pending completion of that arbitration. The court finds that this relief makes the most sense. All parties agree that Fidelity's liability as surety is derivative of Apex's liability to Hofer, and it is undisputed that Hofer agreed to arbitrate any claims it might have against Apex. Under these circumstances, the most logical course is to first determine Apex's liability, if any, to Hofer in arbitration and, once that is completed, evaluate the status of any claims against Fidelity.[1]

The court reiterates that, in its brief, Hofer appears to deny that it has any quarrel with Apex, since it has not formally asserted claims against that defendant in this lawsuit. Specifically, Hofer writes in its brief that "Hofer has not brought a claim against Apex nor has Apex brought a claim against Hofer." The court finds this to be a highly questionable legal position, since the complaint plainly alleges that Hofer was improperly denied payment by Apex under the subcontract agreement. It would clearly frustrate the purposes of the FAA to allow plaintiff's rather disingenuous argument that it has no real dispute with Apex to prevail, since such an argument could seemingly be used to negate arbitration agreements in many cases involving sureties. Indeed, if Hofer's argument were held valid, then there is no apparent reason why parties could not routinely file lawsuits against sureties, even where the underlying disputes are subject to arbitration. This would allow parties to circumvent the arbitration process in a manner which was clearly not contemplated by the FAA.

Policy considerations aside, the fact remains that Hofer may only recover against Fidelity if it demonstrates that Apex is liable under the subcontract agreement, and this issue is clearly referable to arbitration. Accordingly, considerations of judicial economy, as well as the policy

---

[1]The court presumes that Fidelity would simply agree to pay any sums which the arbitrator concludes are owed by Apex and which the latter refuses to pay, but it will await actual developments in this regard.

considerations undergirding the FAA, each suggest that the best course of action is to stay the instant action so that Hofer may arbitrate its claim against Apex in Nashville, as required under the subcontract. The court hastens to add that Hofer is not strictly required to proceed against Apex if it does not wish to do so. The court does conclude, however, that the litigation of plaintiff's claims against Fidelity should be stayed pending a determination of Apex's liability and that this determination may only be made in arbitration.

It is therefore ordered that the motions to compel arbitration [8-1, 25-1] of any claims by Hofer against Apex under the subcontract agreement are granted. Apex's alternative motion to dismiss [25-1] on the basis of improper venue is dismissed as moot. The litigation of plaintiff's claim against Fidelity is stayed pending a determination of Apex's liability to Hofer. This case is hereby administratively closed pending the completion of arbitration, as authorized by Fifth Circuit precedent.[2]

So ordered, this the 11th day of July, 2014.

/s/ MICHAEL P. MILLS
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[2]*See Apache Bohai Corp. v. Texaco China, B.V*., 330 F.3d 307 (5th Cir. 2003); *Mire v. Full Spectrum Lending Inc.,* 389 F.3d 163, 166 (5th Cir. 2004)(authorizing administrative closure of case following entry of stay pending arbitration).